Roy Edward HAYDEN *v.* Dianne M. HAYDEN

86-217                                              726 S.W.2d 287

Supreme Court of Arkansas
Opinion delivered March 30, 1987

*Howell, Price, Trice, Basham & Hope*, by: *Dale Price*, for appellant.

*Hankins, Capps, Hicks & Madden*, for appellee.

Tom Glaze, Justice. This appeal ensues from the parties' divorce action in which appellant was awarded an absolute divorce, child support and custody of the parties' only child, Katherine. The court's decree was rendered by a special chancellor and entered March 23, 1984, but appellant filed a motion for a new trial on March 30, 1984, primarily seeking relief from certain property and debt issues. On August 16, 1984, the court heard appellant's motion, and on August 27, 1984, the regular-sitting chancellor ordered a new trial. Appellee never appealed that August 27th order. Nearly one year later — on August 16, 1985 — the newly-elected chancellor, on his own motion, set aside the court's earlier order granting a new trial. In this appeal, appellant, among other things, argues the chancellor had no authority to set aside the court's new trial order. We agree.

Rule 60(b) of the Arkansas Rules of Civil Procedure provides that a trial court may modify or set aside a decree or order within ninety days after its having been filed with the clerk. However, after that ninety-day period expires, the trial court has the power to modify or vacate such a judgment or order for only

those grounds set forth in ARCP Rule 60(c). Here, the court set aside its order granting a new trial nearly a year after it was filed. From our review of the record, we can find no mention of any of the grounds enumerated under Rule 60(c), and apparently none existed to support the court's action in setting aside its August 27, 1984, order. In fact, the trial judge merely expressed his natural frustration of having to retry what appears to have been an already hard-fought, protracted divorce suit. While we can appreciate the possible difficulties the judge might encounter in trying a case anew, such provide no legal grounds to empower the judge to modify or vacate an order for a new trial after it had been filed more than ninety days.

We find no merit in appellee's contention that appellant failed to raise the issue concerning the trial court's power to set aside its August 27th order since the court itself questioned its own authority before deciding to do so. We must also reject appellee's argument that the trial court erred in granting appellant's motion for a new trial because the appellant, contrary to Rule 4(c) of the Arkansas Rules of Appellate Procedure, failed to obtain a timely hearing on his motion or to acquire a date for the court to hear it. The trial court's order granting a new trial was a final one from which the appellee could have appealed, Ark. R. App. P. 2(a)(3), and for whatever reason, she chose not to appeal it. Because appellee took no appeal from the August 27th order, we simply have no jurisdiction to review it now. Thus, that order remains inviolate after our holding here that the trial court had no authority to render or enter its August 8, 1985, order.

In conclusion, we are mindful of the rule that an appeal from any final order also brings up for review any intermediate order involving the merits. Ark. R. App. P. 2(b); *see also DeClerk v. Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). That rule does not apply in the situation here because the court had no authority to render the 1985 order, and it was, in effect, a nullity. As a consequence, we are unable to consider the court's earlier August 27, 1984, order as an intermediate one under Rule 2(b).

Therefore, we reverse and remand this cause with directions to vacate the court's order of August 8, 1985, and to proceed with the hearing of the action in accordance with its order granting a

new trial.