Richard McJUNKINS *v.* Teresa (McJunkins) LEMONS

CA 94-1242                                        913 S.W.2d 306

Court of Appeals of Arkansas
Division I
Opinion delivered January 17, 1996
[Petition for Rehearing denied February 14, 1996.]

2

*J. Larry Allen*, for appellant.

*Wright, Chaney, Berry & Daniel, P.A.*, by: *Travis R. Berry*, for appellee.

JUDITH ROGERS, Judge. Richard McJunkins appeals from an order of the chancery court of Grant County. For reversal, appellant argues that the court erred in dismissing his counterclaim against the appellee, Teresa (McJunkins) Lemons, and in setting child support at $75.00 weekly.

There are some unusual circumstances in this case. After the parties' divorce in 1987, appellant married Debbie Lemons, and appellee married Debbie's former husband, Charles Lemons. In 1989, the parties' chancery case was transferred to the chancery court of Clark County and was combined with the Lemons's divorce and custody case. When the parties' case was transferred back to Grant County shortly before appellee filed her petition in October 1993, two of the parties' children were living with appellee and her husband in Iowa, and one was living in Arkansas with appellant and his wife. Also living with appellant and his wife was a child born to the wife and appellee's husband. There is testimony in the record indicating that appellee's husband was ordered by the chancery court of Clark County to pay $75.00 weekly for the support of his son living with appellant and his wife. Appellee's petition filed in the Grant County court stated that appellant had been ordered to pay $50.00 weekly child support, and she sought an increase in child support. Appellant then filed his counterclaim.

Appellant first argues that the court erred in dismissing his counterclaim. Appellant stated in his counterclaim that when he was awarded custody of the parties' three minor children pursuant to the parties' divorce in 1987, appellee was ordered to notify him if she obtained employment. He sought a finding of contempt pursuant to appellee's alleged failure to comply with the order and child support arrearages. In dismissing appellant's counterclaim, the chancellor stated: "Said counterclaim was based on the parties' decree of divorce entered herein. That the Court specifically rules that said decree was barred by a subsequent order which was entered into in the Chancery Court of Clark County, Arkansas."

On appeal, appellant argues that once the case was transferred back to Grant County, the chancery court of that county "had full jurisdiction and should have considered and heard appellant's counterclaim." We cannot reach this issue. Appellant's abstract in general is very limited, and although appellant has attempted to abstract the divorce decree, he has failed to abstract any portion of the decree ordering appellee to notify appellant of her employment. An abstract of the court's order, which appellant claims appellee violated, is necessary to a resolution of this matter, and therefore appellant's abstract is fla-

grantly deficient on this point.

■ In any event, appellant misinterprets the chancellor's ruling on this issue. The chancellor clearly found that appellant's claim was barred pursuant to Rule 13 of the Arkansas Rules of Civil Procedure, which addresses compulsory counterclaims. Rule 13(a) provides that a pleading shall state as a counterclaim any claim, which at the time of the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Here, the chancellor noted that proceedings in the Clark County court occurring after the divorce decree barred appellant from bringing his counterclaim against appellee in regards to this particular issue relating to the divorce decree. The reason for Rule 13 is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances. *In Re: Estate of Goston* v. *Ford Motor Co.*, 320 Ark. 699, 705-06, 898 S.W.2d 471 (1995); *Bankston* v. *McKenzie*, 288 Ark. 65, 67, 702 S.W.2d 14 (1986); *Golden Host Westchase, Inc.* v. *First Serv. Corp.*, 29 Ark. App. 107, 117, 778 S.W.2d 633 (1989).

Appellant next argues that the chancellor erred in failing to refer to the child-support chart in setting child support. He contends that child support should have been set at the minimum level required of an unemployed person. Appellee responds that because appellant has failed to provide a transcript of a hearing held March 4, 1994, "which related to the obligation to pay support," the appeal should be dismissed. The decision on child support and the amount thereof, however, was made pursuant to a hearing on May 4, 1994, and the issue before the court relates to whether the chancellor referred to the child-support chart at that time. We therefore find no merit in appellee's contention and address appellant's argument.

■ The controlling law on what is required to determine the amount of child support is set forth in Ark. Code Ann. § 9-12-312(a)(2) (Repl 1993):

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family

> support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the support chart, shall the presumption be rebutted.

Reference to the chart is mandatory, and the chart itself establishes a rebuttable presumption of the appropriate amount which can only be explained away by express findings stating why the chart amount is unjust or inappropriate. *See Black* v. *Black*, 306 Ark. 209, 214, 812 S.W.2d 480 (1991). The chancellor, in his discretion, is not entirely precluded from adjusting the amount as deemed warranted under the facts of a particular case. *Jones* v. *Jones*, 43 Ark. App. 7, 12, 858 S.W.2d 130 (1993). The amount of child support lies within the sound discretion of the chancellor, and this court will not disturb the chancellor's finding absent an abuse of discretion. *Id.*

Appellant admitted at trial that although two of the children had lived with appellee for the past three years, he had not paid child support. He testified that he is employed by his wife's company, D.L. McJunkins Trucking. Appellant stated that he works forty to fifty hours a week driving a truck owned by his wife. He further stated that he receives no cash wages, receives no W-2 forms, and files no federal or state income tax returns. He testified that he has no assets and that his wife pays for all of his living expenses. Appellant stated that he did not receive a salary "[b]ecause I didn't want nothing no more." His wife, Deborah McJunkins, testified that appellant "did not want to own anything again because he had lost all his trucks and everything through the divorce."

At the conclusion of the hearing, the chancellor stated:

> Now, it is quite obvious concerning the support, first, that you work and you work regular and you work 40 to 50 hours a week by your own testimony and you choose not to be paid directly. So you have income. You just don't have it funneled through your pocketbook. It goes through the business, which is in your wife's name. There's one

child here, two children there. And if you set one off against the other one, I'm setting it at $75.00 a week, exactly what's coming down here. I mean, that's the only fair way to do it.

The court's order simply stated that support was set at $75.00 per week.

■■ Here, appellant denied having any income, and the chancellor's comments at the conclusion of the trial make it clear that he set the amount of support at $75.00 weekly because that is the amount that appellant and his wife receive from appellee for the support of one child. Because two of the parties' children live with appellee and one lives with appellant, the court in essence was setting support for only one child. The court obviously imputed income to appellant, and it was not incumbent on the chancellor to specify the amount of income he imputed to appellant, particularly in the absence of a request to do so by the parties. *See* Ark. R. Civ. P. 52; *Miles* v. *Southern*, 297 Ark. 274, 280-B, 763 S.W.2d 656 (1987) (supplemental opinion denying rehearing); *First Nat'l Bank* v. *Higginbotham Funeral Serv., Inc.*, 36 Ark. App. 65, 70, 818 S.W.2d 853 (1991). It was incumbent on the chancellor, however, to refer to the family-support chart. He failed to make any reference to the chart in his comments or the order. Because it would be difficult to say that the chancellor actually referred to the amount set by the chart pursuant to the imputed income, we agree with appellant that the award, as now made, cannot stand.

■ On appeal, this court has the power to decide chancery cases *de novo* on the record before it, but in appropriate cases, we also have the authority to remand such cases for further action. *Roland* v. *Roland*, 43 Ark. App. 60, 67, 859 S.W.2d 654 (1993). Therefore, we remand this case to the chancellor for a determination of child support in accordance with Section 9-12-312 and the guidelines for child support enforcement. Because this case requires a remand, we leave it to the discretion of the chancellor to decide whether a more detailed explanation will suffice to meet the requirements of the supreme court's *per curiam* order on child-support guidelines and Section 9-12-312(a)(2).

Affirmed in part; reversed and remanded in part.

PITTMAN and MAYFIELD, JJ., agree.