Charlotte Nancy BENN *v.* Richard K. BENN

CA 96-868                                                944 S.W.2d 555

Court of Appeals of Arkansas
Division III
Opinion delivered May 7, 1997

*Robert S. Blatt* and *Phillip J. Taylor,* for appellant.

*Bethell, Callaway, Robertson, Beasley & Cowan,* by: *John R. Beasley,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Charlotte Nancy Benn appeals the termination of appellee Richard Benn's obligation to pay her alimony. Appellee cross-appeals the finding of the chancellor that he owes back alimony. The history of the case reveals that the parties were divorced in January 1981. The property settlement agreement entered by the parties and incorporated into the divorce decree provided that appellee would pay $600.00 per month in alimony to appellant. This was later reduced by a 1984 order to $500.00 per month.

On May 2, 1995, appellant filed a motion for contempt, alleging that appellee had failed to pay any alimony since the most recent judgment for arrears of February 12, 1986. Appellee countered with a motion to terminate alimony. In the chancellor's order of December 28, 1995, he terminated the alimony obligation but found that appellant was entitled to $33,931.50 in back alimony. In accordance with the five-year statute of limitations, he awarded judgment for unpaid alimony accrued since May 2, 1990, a date five years prior to May 2, 1995, when she filed her motion for contempt. Both parties now seek relief from this court. We affirm the judgment for arrearage, but reverse as to the termination of alimony.

*Bethell v. Bethell,* 268 Ark. 409, 597 S.W.2d 576 (1980), is cited by appellee as authority for estopping appellant from seeking past due alimony. The opinion in that case states

that, as a general rule, an ex-spouse is entitled to all past due alimony not barred by the five-year statute of limitations, unless the ex-spouse is barred by inequitable action in seeking judgment for the arrearage. Waiver or estoppel may be established if an ex-wife sits upon her rights to recover an arrearage for such a long period of time that her ex-husband acts in reliance upon that nonaction. *Id.* There is no evidence in the record, though, that any consideration was given by appellee or that any reliance was placed on appellant's failure, or, more appropriately, inability, to pursue back alimony for such a period of time. In *Bethell* and the other cases cited therein, it is important to note that there had been an agreement between the ex-spouses to accept a reduction in alimony or support for some period of time. Such is not the case in the Benns' situation.

Another case, *Cunningham v. Cunningham*, 297 Ark. 377, 761 S.W.2d 941 (1988), is more on point with the case before us. It states that the mere fact one delays pursuing rights to obtain a judgment on past due support does not prevent one from seeking a judgment. In the case at bar, there was no agreement between the parties to reduce or terminate appellant's right to alimony. The delay, per appellant's testimony, was simply the result of frustration by another state's laws. Appellee's reliance on *Bethell* is misplaced.

Appellant testified that she did not sit on her rights, but had tried to execute on her 1986 judgment for unpaid alimony. She could not recover on the judgment in Texas, however, because Texas, appellee's home state at the time, did not allow garnishment of wages. She renewed efforts to retrieve back alimony in May 1995 after learning that appellee had returned to Arkansas. The chancellor's order reflects this testimony:

> [T]here is testimony that the Plaintiff was out of work for a period of time; lived in another state for a time due to employment; and, that Defendant endeavored to pursue her claim for alimony in the State of Texas where Plaintiff lived and worked, and was hampered by non-resident employers of the Plaintiff relative to garnishments. That, however, Plaintiff made no payments of alimony during this period of time pursuant to the parties' agreement, or this Court's Order.

This directly contradicts appellee's argument that appellant should be estopped to recover accrued alimony for sitting on her rights for years until such time as appellee inherited monies. Indeed, the record reflects that appellant had no less than three judgments against appellee since the time they were divorced, including the July 1986 judgment, which was still unsatisfied at the time of the hearing. Thus, as to the judgment for arrears, we affirm.

Appellant contends that the chancellor erred in terminating future alimony, arguing that there was not a sufficient change of circumstances upon which the chancellor could terminate alimony. We agree. It is well settled that the burden of showing a change of circumstances is on the party seeking a modification. *Bracken v. Bracken*, 302 Ark. 103, 787 S.W.2d 678 (1990). The primary factors to be considered in changing an award of alimony are the needs of one party and the ability of the other party to pay. *Id.* Of course, each case is to be judged upon its own facts. Discretion is vested in the chancellor, and the appellate court will not reverse absent an abuse of discretion. *Id.* From a review of the evidence before the chancellor, we find that there was an insufficient showing of a change in circumstances to warrant a termination of alimony.

The record reveals that appellant was unemployed at the time of the hearing due to breast cancer surgery and pending chemotherapy and radiation treatment. She also testified that profits from her interior decorating business had declined substantially, primarily due to increased competition. Appellee testified that he inherited over $250,000.00 in 1995 and that he was gainfully employed at the time of the hearing, making twice the money he was earning in 1984 when alimony was reduced.

In support of a change of circumstances, appellee asserted that he remarried in 1981, taking on a dependent wife and stepchildren, and that the parties' younger child had reached majority. Appellee testified that he was hospitalized for eight days at one point, and that his current wife had heart problems which necessitated two hospitalizations, though no evidence or testimony was elicited showing the dates of these events or their cost to appellee. Appellee testified that he had a zero or negative

worth until his mother died in February 1995, and that his total income for 1994 was $75,753.00. Appellee testified that he guessed he earned about $35,000.00 in 1984, the year his alimony was reduced to $500.00 per month.

Appellant argues in response that appellee used his remarriage, the majority of the parties' children, and a period of unemployment as circumstances that entitled him to the 1984 ruling that reduced his alimony obligation. Only those changes in circumstances occurring after the 1984 modification could support a further modification. Appellant argues that the changes in circumstances that gave rise to the 1984 modification cannot again be used to terminate alimony. *See Boyles v. Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980). Appellee has not presented evidence of any changes that have occurred since the January 1984 order that have worsened his circumstances. In fact, he appears in better financial shape, especially considering his inheritance of $263,517.35, subject to only $7,243.69 in inheritance taxes, and steady employment. Conversely, appellant is in worse financial condition after sending the parties' daughter through college, experiencing reduced earnings in her interior design business, and suffering a current bout with breast cancer. This court can see no change in circumstances that would justify termination of alimony.

In the portion of his order terminating alimony, the chancellor stated:

> [I]t is this Court's considered opinion that it is in the best interest and welfare of these parties, and what is left of any family relationship, as well as based on the numerous changes of circumstances of each party that the alimony ordered paid by the Plaintiff · to the Defendant herein should be fully and finally terminated, cancelled, and held for naught upon entry of this Order. . .so that all claims of either party against the other are hereby determined and concluded. . . .

We find no material change in circumstance since the 1984 modification that would support a termination of alimony. We review chancery cases *de novo* and reverse only upon a finding that the chancellor's decision is clearly erroneous. We find that it was clearly against the preponderance of the evidence to terminate ali-

mony and reverse that portion of the chancellor's order of December 28, 1995, which did so.

Reversed on appeal and affirmed on cross–appeal.

JENNINGS and ROGERS, JJ., agree.