Kenneth Wayne SLUSHER *v.* April Dawn SLUSHER

CA 00-933                                          43 S.W.3d 189

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered April 25, 2001

*Thurman Ragar, Jr.,* for appellant.

*Robert S. Blatt,* for appellee.

WENDELL L. GRIFFEN, Judge. Kenneth Wayne Slusher appeals from a second amended divorce decree entered by a Crawford County chancellor that found he was not the father of E.S., and which set aside a previous order granting visitation and ordering appellant to pay child support. Appellant argues that the chancellor erred in entering the second amended decree and alternatively that the court erred in denying visitation. We hold that Rule 60 of the Arkansas Rules of Civil Procedure precluded the chancellor from modifying the order.[1] Accordingly, we reverse and remand with instructions for the chancellor to dismiss its March 30, 1999, order pursuant to Rule 60.

While the facts in this case are not in dispute, the procedural aspects are somewhat convoluted. The parties were married October 24, 1996. Prior to their marriage, appellee gave birth to E.S. on August 24, 1996, and named appellant as the father on the child's birth certificate. The parties separated in April 1997. Appellant later filed a complaint for divorce alleging that no children were born of the marriage, and a divorce decree was entered on November 4, 1997 (after appellee waived service and agreed for the court to hear the matter without further notice to her). The decree did not mention children of the marriage. On February 18, 1999, appellant filed a motion to amend the decree to reflect that E.S. was born of the marriage and to order visitation and child support. Although appellee received copies of the motion and a summons to court

---

[1] We recognize that appellant challenged the chancellor's decision based on *Office of Child Support Enforcement v. Williams,* 338 Ark. 347, 995 S.W.2d 338 (1999). However, based on our determination that questions arise concerning the chancellor's jurisdiction to enter the March 30, 1999, decree, it is not necessary that we reach appellant's *res judicata* argument.

served by certified mail on February 23, 1999, she failed to file a response or otherwise appear. Appellant then moved for default judgment and requested that the chancellor enter an amended decree pursuant to his motion. The chancellor granted his motion and entered an amended decree dated March 30, 1999, which declared that E.S. was born of the marriage, awarded custody of E.S. to appellee with visitation rights to appellant, and ordered appellant to pay child support of $40.00 per week.

In June 1999, appellant filed a motion to change custody of E.S., alleging that a material change of circumstances made a change of custody in the best interest of E.S. Specifically, appellant alleged that E.S. had been sexually molested, was infected with genital warts, had a serious head lice problem, and that appellee failed to remedy the situation. Appellee responded and denied that she neglected E.S. She also counterclaimed and alleged that appellant failed to pay child support. The chancellor denied appellant's motion to change custody, ordered the parties to undergo DNA testing to determine paternity based on appellee's assertion that appellant was not E.S.'s biological father, ordered appellee to attend parenting classes, and ordered a home investigation of her residence. A paternity evaluation report submitted to the chancellor on October 11, 1999, indicated that appellant could not be E.S.'s biological father.

On March 3, 2000, appellee filed a motion for entry of a second amended divorce decree indicating that appellant was not the father of E.S. Appellant responded with the argument that he was listed as E.S.'s father on the birth certificate, that appellee permitted him to have extended visitation with E.S. after the divorce, and that he had developed a father-son bond with E.S. Following a hearing on May 3, 2000, the chancellor entered the second amended divorce decree from which appellant now appeals. That decree 1) found that appellant was not E.S.'s father based on paternity tests, 2) set aside the previous orders mandating appellant to pay child support, and 3) set aside the previous visitation orders.

Rule 60 of the Arkansas Rules of Civil Procedure provides that a court may modify a judgment after ninety days when the court seeks to correct a clerical error, or if the party demonstrates that the circumstances warranting a modification fall within seven enumerated grounds. These grounds include: 1) granting a new trial because evidence was discovered after ninety days; 2) granting a new trial in proceedings against a defendant who was constructively summoned and failed to appear; 3) misprisions of the clerk; 4)

misrepresentation or fraud; 5) erroneous proceedings against a minor or person deemed incompetent; 6) the death of one of the parties; and 7) errors in a judgment shown by an infant within twelve months after reaching eighteen years. *See* Ark. R. Civ. P. 60.

■ ■ After a ninety-day lapse of time, a court has no authority to modify an order absent a showing of one of the enumerated exceptions provided in Rule 60. *See Blackwood v. Floyd*, 342 Ark. 498, 29 S.W.3d 694 (2000). In *Blackwood*, the supreme court held that although a chancery court has continuing jurisdiction over child custody, support, and visitation, the chancellor may not modify an order that affects custody of a child absent proof that circumstances have changed since the entry of the original order. The court concluded that a stepparent who did not contend at the time of the divorce that she was entitled to visitation with her stepson or that she stood in loco parentis to her stepson, could not request that the court amend its order to include visitation as visitation was not an issue before court at the time of the original order. *See Blackwood, supra.*

■ When we apply the rationale espoused in *Blackwood* to the instant case and consider the fact that appellant sought to amend the original decree fourteen months after the parties were divorced and the fact that children born of the marriage was not an issue before the trial court, we must conclude that the chancellor lacked jurisdiction pursuant to Rule 60 to amend its original order. Because the chancellor's order that modified the original divorce decree was void for lack of jurisdiction, we reverse and remand with instructions for the trial court to dismiss its March 30, 1999, order.

Reversed and remanded.

PITTMAN, ROBBINS, BAKER, and ROAF, JJ., agree.

NEAL, J., concurs.

OLLY NEAL, judge, concurring. I agree that the chancellor lacked jurisdiction to amend the original divorce decree to reflect that appellant is the child's father. I write separately only to mention the effect of naming appellant as the child's father on the child's birth certificate.

In this state, if the mother of a child is not married at the time of either conception or birth, the name of the father is not to be entered on the child's birth certificate unless the mother and the

putative father sign an affidavit of paternity. Ark. Code Ann. § 20-18-401(f)(2) (Repl. 2000). Prior to signing the affidavit, the mother and natural father are given written information explaining the implications of signing the affidavit and their resulting parental rights and responsibilities. Ark. Code Ann. § 20-18-408(2). Once the mother and the putative father execute an acknowledgment of paternity pursuant to section 20-18-408, the man executing the document is the father of the child for all intents and purposes and the acknowledgments, by operation of law, constitute a conclusive finding of paternity. Ark. Code Ann. § 9-10-120 (Repl. 1998).

In the instant action, we have held that each of the amended decrees entered subsequent to the original divorce decree is void and that the parties are returned to the postures that they held when the original divorce decree that made no mention of the child was entered. There is no dispute that April Slusher was unmarried at the time she gave birth to the child and that Kenneth Slusher's name appears on the child's birth certificate. It would appear, therefore, that appellant has certain parental rights and responsibilities with regard to the child and that while those rights and responsibilities could not be established by modifying the parties' divorce decree, those rights and responsibilities may be enforced in a separate proceeding.