Mo MORSY *v.* Marva Morsy DELONEY

CA 05-255 214 S.W.3d 285

Court of Appeals of Arkansas
Opinion delivered September 28, 2005

*Robert M. Abney, P.A.*, for appellant.

*Wilson, Engstrom, Corum & Coulter,* by: *Stephen Engstrom,* for appellee.

LARRY D. VAUGHT, Judge. Mohammad "Mo" Morsy appeals from a judgment of the Pulaski County Circuit Court requiring him to pay $18,659.88 to his ex-wife, Marva Morsy Deloney, as reimbursement for tuition and education expenses for their minor son, A.M. Morsy argues on appeal that (1) Deloney waived her right to collect the funds through her inaction and failure to request payment, (2) Deloney should be estopped from collecting the funds, and (3) Deloney should be barred from raising the issue of past tuition and expenses by the compulsory counterclaim rule. We disagree on all points and affirm the judgment of the trial court.

Morsy and Deloney were divorced on January 29, 1997, in Craighead County. In the divorce decree, the parties were given joint custody of their minor son, A.M., age seven at the time, with primary custody given to Deloney. The decree required Morsy to pay child support, pay A.M.'s education expenses, including tuition and clothing, and maintain health insurance on A.M.

On October 13, 2000, Deloney petitioned the court to relocate the child to Pulaski County because she was planning to remarry and move. By agreed order dated July 16, 2001, Deloney was allowed to relocate her residence and take A.M. with her. The order referred to Morsy's obligations regarding child support and health insurance but did not mention education expenses. The order stated that the "decree of divorce in this matter shall be considered modified to the extent, and only to the extent, necessary to accommodate the matters set forth herein."

Morsy filed a petition for contempt on April 30, 2002, alleging that Deloney had not supplied him with information required by the last order of the court, specifically items such as A.M.'s school schedule, progress reports, and activities schedule. Additionally, Morsy relocated from Arkansas to Chicago and asked that the visitation schedule be modified. Deloney responded to

Morsy's petition and filed her own petition for contempt with regard to disagreements over visitation and outstanding medical expenses. An order was filed on November 13, 2002, settling these issues. No mention of education expenses was made.

Morsy filed another petition for contempt on March 23, 2004, alleging several violations of the divorce decree concerning A.M., including the fact that Deloney had taken A.M. out of private school and enrolled him in public school. Morsy argued that the move was not in the child's best interest. Deloney responded and filed her own petition for contempt. She asked that venue be changed from Craighead County to Pulaski County. Additionally, she asserted that Morsy had been negligent in paying A.M.'s education expenses since the move to Pulaski County. She asked that she be reimbursed for tuition and expenses. The case was transferred by agreed order, and the issues were heard in Pulaski County Circuit Court on October 11, 2004. In an order and judgment filed November 17, 2004, the trial court judge ruled in favor of Deloney and required Morsy to pay back tuition and education expenses in the amount of $18,659.88.

 For his first point on appeal, Morsy argues that the trial court erred in finding that Deloney was not barred by estoppel from collecting funds for tuition and education expenses. We review equity cases de novo on the record, but we do not reverse a finding of fact by the trial court unless it is clearly erroneous. *Medlin v. Weiss*, 356 Ark. 588, 158 S.W.3d 140 (2004). A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been committed. *Id.* at 592, 158 S.W.3d at 143. Enforcement of child-support judgments are treated the same as enforcement of other judgments, and a child-support judgment is subject to the equitable defenses that apply to all other judgments. *Office of Child Support Enforcement v. King*, 81 Ark. App. 190, 100 S.W.3d 95 (2003).

 The elements of equitable estoppel are (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting estoppel had a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment. *Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547 (2005).

██ ██ Morsy argues that this case meets all the requirements of equitable estoppel. He bases his argument on the fact that the agreed order of July 16, 2001, did not reference the tuition and education expenses discussed in the divorce decree. He argues that he believed he was no longer required to pay A.M.'s education expenses after the 2001 agreed order and that Deloney knew this and failed to inform him otherwise. Morsy testified that he and Deloney orally agreed that Morsy would no longer be responsible for the education expenses. However, Deloney denied the existence of such an agreement and maintained that Morsy was always responsible for A.M.'s education expenses. When judging the trial court's findings in equity cases, we defer to the trial judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Hill v. Hill*, 84 Ark. App. 132, 134 S.W.3d 6 (2003). In the present case, there is no evidence other than Morsy's testimony to prove that there was an agreement to relinquish his duty to pay education expenses, and the trial judge was free to believe Deloney's version of events — that no such agreement was ever made. Therefore, Morsy could not meet the required elements of estoppel, and we are satisfied the trial court's ruling was not clearly erroneous.

██ Morsy's second point on appeal asserts that the trial court erred in finding that Deloney had not waived her right to collect funds for tuition and education expenses for her minor child. The standard of review is the same for waiver as it is for equitable estoppel — clearly erroneous. *Medlin*, 356 Ark. at 592, 158 S.W.3d at 143. Waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefits, and it may occur when one, with full knowledge of the material facts, does something that is inconsistent with the right or his intention to rely upon it. *Taylor v. Hamilton*, 90 Ark. App. 235, 205 S.W.3d 149 (2005). The relinquishment of the right must be intentional. *Moore v. Pulaski County Special Sch. Dist.*, 73 Ark. App. 366, 43 S.W.3d 204 (2001).

██ Morsy cites *Benn v. Benn*, 57 Ark. App. 190, 944 S.W.2d 555 (1997), for the proposition that waiver may be established where an ex-wife sits on her right to recover alimony arrearages for too long a period of time. However, Morsy fails to include that in *Benn* we affirmed the trial court's award of alimony

arrearages where the wife had not petitioned the court until her husband had failed to pay alimony for nine years. In the present case, Deloney testified that Morsy paid the education expenses until she moved to Pulaski County in late 2001. She first asked for the delinquent expenses to be paid in March 2004 after Morsy filed a petition with the court complaining that Deloney had moved the child from private to public school. We are satisfied that the trial court did not err in finding that Deloney did not waive her right to recover the unpaid education expenses because she waited for three years to assert her right.

Morsy argues in his final point on appeal that Deloney was barred by the compulsory-counterclaim provision of Rule 13 of the Arkansas Rules of Civil Procedure from recovering the education expenses because she did not raise the issue during court proceedings in 2002. We do not defer to a trial court's conclusion on a question of law; if the trial court erroneously applied the law and the appellant suffered prejudice as a result, we will reverse the trial court's erroneous ruling on the legal issue. *Hill*, 84 Ark. App. at 138, 134 S.W.3d at 9.

Rule 13(a) of the Arkansas Rules of Civil Procedure requires that a pleading shall state as a counterclaim any claim, which at the time of the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. The purpose for this rule is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances. *Linn v. Nations Bank*, 341 Ark. 57, 14 S.W.3d 500 (2000). Rule 7(a) of the Arkansas Rules of Civil Procedure defines "pleadings" as a complaint, an answer, a counterclaim, and a reply to a counterclaim. It states that "[n]o other pleadings shall be allowed." Rule 7(b) discusses motions and other papers, and states that "[a]n application to the court for an order shall be [made] by motion."

Our supreme court has held that the court granting a decree of divorce has continuing authority to revise or alter orders contained in such decree affecting the support, custody, and control of the minor children of the parties when there is proof showing a change in circumstances from those existing at the time of the original order. *Blackwood v. Floyd*, 342 Ark. 498, 29 S.W.3d 694 (2000).

 Although Morsy attempts to characterize Deloney's right to recover education expenses as a counterclaim that should have been asserted after he filed his first petition for contempt in April 2002, we disagree. Morsy cites to our holding in *McJunkins v. Lemons*, 52 Ark. App. 1, 913 S.W.2d 306 (1996), to support his compulsory-counterclaim argument; however, we specifically declined to reach the compulsory-counterclaim issue in *McJunkins* due to abstract deficiencies. Therefore, any discussion of Rule 13 and its applicability to motions to enforce prior orders of the court in *McJunkins* is mere *obiter dictum* and has no precedential value.

 When Morsy petitioned the court in April 2002 to order Deloney to comply with certain obligations under the divorce decree pertaining to A.M., Morsy was not filing a pleading and asserting a claim but rather filing a motion asking the court to enforce a previous order. Rule 13 does not apply, and Deloney was not required to respond with any and all complaints she had against Morsy. Therefore, when Deloney filed a counter-petition in May 2004 to enforce the decree and recover tuition and education expenses, she was not barred by the compulsory-counterclaim rule because she did not raise the education-expense issue in response to Morsy's first petition filed in April 2002.

Affirmed.

HART and NEAL, JJ., agree.