2009 Ark. App. 377

**Harvey Eugene CHAMBERS, Appellant,**

v.

**Anne Walker RATCLIFF, Appellee.**

**No. CA 08–1283.**

Court of Appeals of Arkansas.

May 13, 2009.

Taylor Law Partners, by John Mikesch, Fayetteville, for appellant.

No response.

LARRY D. VAUGHT, Chief Judge.

In this one-brief appeal, Harvey Eugene Chambers argues that the trial court committed reversible error by permitting appellee Anne Ratcliff to petition for a finding of contempt against him, without joining or substituting their adult children, because she did not have standing to bring the action. He also argues that the trial court erred by permitting the adult children to assign their interest in the action to their mother, without requiring that the children be joined or substituted as the real parties in interest in the lawsuit. We affirm.

Chambers and Ratcliff were divorced by order of the court on April 21, 1998. The divorce decree incorporated a property-settlement, child-custody, and child-support agreement. Section 8 of the agreement required that the parties maintain life-insurance policies, naming the two children of the marriage (Rory and Alaina) as beneficiaries. The life-insurance requirement was for an undetermined period of time.

On June 12, 2007, Ratcliff filed a contempt petition claiming that Chambers had not complied with the court's order by failing to maintain life-insurance policies for their children in accordance with Section 8 of their agreement. Chambers responded, claiming that Ratcliff did not have standing to bring the action. In response to the contention that Ratcliff lacked standing, the trial court entered an order on November 8, 2007. In the order, the trial court ruled that the parties' children (now adults) were necessary, real parties in interest and required Ratcliff to join or substitute them as parties to the contempt action within thirty days. The trial court further concluded that if Ratcliff did not comply, the action would be dismissed.

On November 27, 2007, Rory and Alaina filed separate assignments of interest, entries of appearance, and waivers of service. Chambers, on December 4, 2007, filed a motion and brief requesting that the trial court strike the assignments of interest, entries of appearance, and waivers of service. Subsequent to this filing, the parties had a conference call with the trial judge, wherein the court ordered that the assignments were sufficient. Chambers's attorney objected to the children not being substituted as parties. The court noted

that the children could be subpoenaed as witnesses.

After several more objections and motions to strike were filed, on July 7, 2008, a bench trial was held on the underlying contempt claim. The court ultimately found that Section 8 of the parties' agreement required that the parties maintain life insurance for the children's benefit for life, that Chambers was not in contempt, and that Chambers was to pay Ratcliff's costs and attorneys' fees.

▮ In reviewing a bench trial, we must determine whether the trial court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Housley v. Hensley*, 100 Ark.App. 118, 265 S.W.3d 136 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.* We give special deference to the superior position of the trial judge to evaluate the credibility of witnesses and their testimony; however, we give no deference to the trial judge's conclusions on questions of law. *Id.*

▮ Here, the mistake is not in the trial court allowing an assignment of rights to serve in lieu of a substitution of a necessary party in interest, which is problematic on its face. Instead, the trial court erred when it first concluded that the children were necessary parties in interest. Rule of Civil Procedure 17(a) says that "[e]very action shall be prosecuted in the name of the real party in interest. . . . [A] party with whom or in whose name a contract has been made for the benefit of another . . . may sue in his own name without joining with him the party for whose benefit the action is being brought." Also, it is well settled that "[a] real party in interest is considered to be the person or corporation who can discharge the claim on which the allegation is based, not neces-

sarily the person ultimately entitled to the benefit of any recovery." *Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 11, 43 S.W.3d 140, 147 (2001).

Here, the divorce-decree-settlement agreement is in essence a contract between Chambers and Ratcliff, to which Rory and Alaina are third-party beneficiaries. Thus, as a party to the original contract, Ratcliff had standing to bring the contempt action even though it was her children who stood to benefit from her enforcing the decree. Because the divorce decree was between only Chambers and Ratcliff, we find that as a matter of law she is the proper party to bring a contempt action to enforce a provision of the decree.

This is not a new action. Ratcliff was not filing a pleading and asserting a claim, but rather filing a motion asking the court to enforce a decree provision. *Morsy v. Deloney*, 92 Ark.App. 383, 214 S.W.3d 285 (2005). In fact, the children are not (and perhaps could never be) necessary parties to a contempt action arising from their parents' divorce decree. To accept Chambers's argument that only the children have standing to pursue this action would produce an absurd result. We are unwilling to require a child, who is a third-party beneficiary to a provision of his parents' divorce decree, to file a motion for contempt against one of his parents to enforce a provision of the decree that enures to the child's benefit. Such a position offends both public policy and contract law. In conclusion, we hold that Ratcliff had standing to bring the contempt action and ask the court to enforce the parties' agreement.

▮ Finally, we address the award of attorneys' fees. An award of attorneys' fees will not be disturbed on appeal absent an abuse of discretion. *Artman v. Hoy,*

370 Ark. 131, 257 S.W.3d 864 (2007). Here, the trial court noted that it believed that Chambers was not in contempt, but rather he "was wrong in his interpretation [of the life-insurance-policy provision], but I don't feel like he willfully or intentionally, just to spite [Ratcliff] or the children, let the policy lapse." The court also noted that once Chambers was on notice of the proper interpretation, "he submitted himself for a physical and started the process of getting [the] proper life insurance that the court ordered him to do." Based on these comments, Chambers argues that the trial court abused its discretion by ordering fees in contempt action after finding that he was in fact, not in contempt. However, the trial court did note that although it was not finding Chambers in contempt "that does not address [Ratcliff's] out of pocket expenses in making Dr. Chambers comply with the court order. If he would have done what the court order said, she wouldn't be out any money. So I am going to assess costs and attorneys' fees against Dr. Chambers." Under our very deferential review standard, we hold that such an award was within the court's discretion and affirm. *See Hatcher v. Hatcher*, 265 Ark. 681, 580 S.W.2d 475 (1979).

Affirmed.

MARSHALL and BAKER, JJ., agree.