Karen R. Baker, Justice, concurring. ■ Although I wholeheartedly agree with the majority’s decision to affirm the circuit court’s finding that Foust did not stand in loco parentis to M.F. at the time of her petition for visitation — and I join it — I write separately because I conclude that Arkansas’s statutory scheme does not allow a petition for visitation filed outside of an action for divorce, paternity, or guardianship. In the present case, Foust filed a petiT tion for visitation as an independent action; she did not filed her petition in conjunction with a complaint for divorce or guardianship, nor did she filed her petition in association with an action to establish paternity. For this reason, I conclude that Foust lacked standing under our statutes to bring her petition for visitation. In Blackwood v. Floyd, 342 Ark. 498, 29 S.W.3d 694 (2000), an ex-wife moved to be granted visitation with her former stepson. She had not petitioned for visitation in conjunction with the divorce proceeding, but instead waited until approximately 314 days after the divorce decree had been entered to assert that she had established a maternal relationship with the child and should be awarded visitation. She contended that she had a private agreement with the child’s father, her ex-husband, to allow her to visit the child upon request, but that the father had denied her any visitation when differences arose between the parties after the divorce. Blackwood, 342 Ark. at 499, 29 S.W.3d at 695. The father moved to dismiss the ex-wife’s motion, contending that ninety days had passed since the parties’ divorce decree was entered and, under Rule 60(b) of the Arkansas Rules of Civil Procedure, she was barred . from | ^seeking visitation rights or any other modification of the divorce decree. Id. The chancery court denied the motion to dismiss, treated the motion for visitation as a motion to modify the divorce decree, and stated that it had “continuing jurisdiction to decide matters involving child custody and visitation, the paramount consideration being the welfare and best interests of the child.” Id. at 500, 29 S.W.3d at 696. This court reversed, holding that the chancery court did not have continuing jurisdiction to modify the divorce decree and award visitation after the expiration of the ninety-day period provided for in Rule 60. In rejecting the ex-wife’s attempts to file a stand-alone visitation petition outside the context of a divorce proceeding, this court cited to several cases in which the courts heard evidence, and they granted or denied the right to custody or visitation at the time of the divorce. Blackwood, 342 Ark. at 502-03, 29 S.W.3d at 697 (citing Young v. Smith, 381 Ark. 525, 964 S.W.2d 784 (1998); Stamps v. Rawlins, 297 Ark. 370, 761 S.W.2d 933 (1988); Golden v. Golden, 57 Ark. App. 143, 942 S.W.2d 282 (1997); Riddle v. Riddle, 28 Ark. App. 344, 775 S.W.2d 513 (1989)). We determined that by not asserting any right to visitation with the child at the time of the divorce, the ex-wife had simply waited too long. Id. We found no basis for an independently filed petition for visitation. Here we are faced with a similar circumstance in that Foust has filed a petition for visitation outside the context of a divorce, paternity, or guardianship action. See Ark.Code Ann. § 9-13-101 (providing for the award of custody to a parent in an action for divorce or upon petition of a grandparent intervening in a divorce action); Ark.Code Ann. § 9-10-113 (providing that when the parties are unmarried, a biological father may petition for visitation 114after establishing paternity); Ark.Code Ann. § 28-65-203 (providing for certain persons to file a petition for guardianship); Ark.Code Ann. § 9-13-103 (providing for visitation rights of grandparents when the child is in the custody of a parent). She likewise contends that she had an agreement with Montez-Torres to allow her to visit M.F., but that Montez-Torres denied her access after a disagreement. Like the Blackwood court, I do not find a basis in our statutes for a petition for visitation absent a petition for divorce, paternity, or guardianship, and without a finding of in loco parentis status. The majority does not address the circuit court’s finding that Foust stood in loco parentis to M.F. during the first three years of M.F.’s life. On that point, I reiterate my opinion expressed in my dissent in Bethany v. Jones, 2011 Ark. 67, 378 S.W.3d 731. This court must decline to create a nonexistent body of law regarding persons that the legislature has not identified as having rights to visitation. Id. at 24, 378 S.W.3d at 745 (Baker, J., dissenting). Our statutes are designed to protect the rights of fit parents to make decisions regarding the care and upbringing of their children. This court has no place infringing upon the rights of those parents or creating rights in persons who are not recognized by the legislature. Hart, J., joins.